UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
RALPH HEIDINGS,                          :
                                         :
                         Plaintiff,      :            **COMPLAINT**
            -against-                    :
                                         :               **17–cv–5250**
SB MFG, LLC and MICHAEL BLOCH,           :
                                         :            **Jury Trial Demanded**
                         Defendants.     :
-------------------------------------------------------- x

Plaintiff, Ralph Heidings, by his attorneys, the Law Offices of Russell E. Adler PLLC, for his complaint alleges as follows:

## THE PARTIES

1.       Plaintiff is a 72-year-old male residing in the state of New Jersey.

2.       Defendant, SB MFG, LLC ("SB"), formerly known as SB Metals Manufacturing, LLC, is a Florida limited liability company with its principal place of business located at 161 Route 59, Suite 203A, Monsey, New York 10952. At all times relevant in this complaint, SB had four or more employees at its Monsey headquarters and more than 100 employees in Florida.

3.       Defendant, Michael Bloch ("Bloch") is the President and CEO of SB and, at all times relevant in this complaint, Plaintiff's direct supervisor with, among other authority, the power to hire and fire employees, including Plaintiff.

## JURISDICTION

4.       This Court has jurisdiction over this action under the Age Discrimination in Employment Ace (ADEA) 29 U.S.C. § 623 et seq., and 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.       Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

6.       Plaintiff filed administrative charge no. 520-2017-01900 with the Equal Employment Opportunity Commission on April 5, 2017.

7.       More than 60 days elapsed since the filing of the EEOC charge, thus, Plaintiff may now proceed with his claims in district court; a dismissal and notice of right to sue from the EEOC

is not required.

## FACTUAL BACKGROUND

8.      Mr. Heidings commenced employment with SB in November 2013 as SB's Controller and Chief Financial Officer.

9.      Mr. Heidings is a licensed Certified Public Accountant with over 40 years of experience, including experience working with companies in the manufacturing sector.

10.      Mr. Heidings was hired at a base salary of $100,000 per annum, but during his tenure, his compensation was reduced (over his objection) to $85,000 per annum.

11.      Throughout his tenure, Mr. Heidings' performance met or exceeded SB's expectations and he was not the subject of any disciplinary action.

12.      Mr. Heidings was misclassified as an independent contractor in an effort by SB to, among other things, avoid the administrative, regulatory and tax burdens associated with employment status.  SB misclassified additional individuals for similar purposes.

13.      Although mischaracterized as an independent contractor, Plaintiff's employment status was evident by, among other things, the fact that he: (a) received medical benefits reserved for employees; (b) received paid time off; (c) worked regular and consistent hours at SB's premises; (d) was prohibited from accepting other employment or performing work for other individuals or entities; (e) was subject to daily supervision and direction by his superiors, including Michael Bloch; and (f) was issued business cards which identified him as SB's CFO, not as an independent contractor or consultant.

14.      Plaintiff's colleagues often referred to him as the "old man" and commented on, for example, his use of hearing aids.  Such conduct demonstrates, among other things, that SB and its employees were acutely aware of Mr. Heidings' age.

15.      On or about October 25, 2016, Bloch stated to Plaintiff: "it's time for you to retire," and Bloch stated Mr. Heidings should retire, "on our time frame, not yours."  Mr. Heidings had never previously expressed an intention to retire.  At the time, Mr. Heidings was 71 years old.

16.      Defendant Bloch also informed Plaintiff that SB had already hired Mr. Heidings' replacement and Mr. Heidings was required to train his replacement over the course of several

months.

17.     Mr. Heidings' replacement was Benjamin Mandel.

18.     Mr. Mandel is, upon information and belief, 26 years-old, 45 years younger than Plaintiff.

19.     Mr. Mandel is not Certified Public Accountant.

20.     Mr. Mandel is significantly less experienced and qualified for the position than Mr. Heidings and Mr. Mandel required significant training and assistance from Plaintiff to perform his duties.

21.     Despite the foregoing, Mr. Mandel was hired at an annual salary of $90,000, $5,000 more than Mr. Heidings was being paid by SB.

22.     Mr. Heidings trained Mr. Mandel and transitioned all of his duties and responsibilities to Mr. Mandel during the months prior to his termination.

23.     Mr. Heidings' employment terminated on or about February 10, 2017.

24.     Even after Mr. Heidings' termination, Mr. Mandel continued to request Mr. Heidings' assistance with various accounting matters.

25.     Based on the foregoing, Plaintiff alleges his termination the product of unlawful age discrimination.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
#### (Age Discrimination – ADEA)
#### Against SB MFG, LLC

26.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

27.     Plaintiff is 71 years old, thus subject to the protections of the ADEA.

28.     Plaintiff was qualified for his position at SB by virtue of his status as a CPA, his 40 plus years of experience and as demonstrated by several years of satisfactory performance prior to his termination.

29.     Plaintiff experienced adverse employment action, to wit, his termination of employment.

30.     Plaintiff was replaced by a significantly younger employee, who lacked comparable

experience and who received a larger salary than Plaintiff.

31.      But for Plaintiff's age, his employment would not have been terminated.

32.      Based on the foregoing, Defendants violated the ADEA.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Age Discrimination – New York State Human Rights Law)**
**Against SB MFG, LLC**

33.      Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

34.      Plaintiff's age was a motivating factor in Defendants' decision to terminate his employment.

35.      Based on the foregoing, Defendants violated the New York State Human Rights Law.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION**
**(Age Discrimination – New York State Human Rights Law)**
**Against Michael Bloch**

36.      Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

37.      As set forth above, Defendant Bloch actively participated in the decision to terminate Plaintiff's employment and is thus subject to personal liability for his actual participation in the discriminatory conduct and/or as an aider or abettor of SB's discriminatory conduct.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants as follows:

a. Back pay and benefits, front pay, compensatory damages, and punitive damages in amounts to be determined at trial;

b. Plaintiff's attorney's fees costs; and

c. Such other and further relief as to this Court shall deem just and proper, together with the costs and disbursements of this action.

- 4 -

Dated:  July 12, 2017

LAW OFFICES OF RUSSELL E. ADLER PLLC

By:_____

      Russell E. Adler
300 Park Avenue, 12th Floor
New York, New York 10022
646.504.3299
russ@radlerlawpllc.com